[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12621
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20002-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM PUENTES CERVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 27, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant William Puentes Cervera appeals his 48-month sentence

following his guilty plea to illegal reentry by an individual previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, Cervera argues that his sentence is procedurally unreasonable because the district court overemphasized his criminal history to the exclusion of any consideration of the other 18 U.S.C. § 3553(a) factors. Additionally, Cervera contends that appropriately weighing his innocuous motivation for reentry, the minor nature of most of his prior offenses, and the overly severe guideline treatment of the offense, his 48-month sentence is substantively unreasonable.

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Recently, the Supreme Court clarified that courts of appeal are to review sentences for abuse of discretion. *Gall v. United States*, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Id.* To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551

2

U.S. __, 127 S. Ct. 2456, 2468 (2007). However, "nothing in *Booker*[1] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Gall,* 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. Reasonableness review is "deferential," and "there is a range of reasonable sentences from which the district court may choose." *Id.* "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors" rather than reviewing each individual decision made during the sentencing process. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (internal quotations and alteration omitted). Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007), *abrogated on other*

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

*grounds by Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558 (2007). We have noted that "a district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." *United States v. Pugh*, ___ F.3d ___ (No. 07-10183) (11th Cir. Jan. 31, 2008). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

In *Rita*, the Supreme Court held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. *Rita*, 551 U.S. at __, 127 S. Ct. at 2462. Although we do not apply such a presumption, we will ordinarily expect a sentence within the guidelines range to be reasonable. *Talley*, 431 F.3d at 788; *see United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007) (declining to apply a presumption of reasonableness to within-guideline sentences).

4

After reviewing the record and reading the parties' briefs, we conclude that Cervera's sentence is procedurally reasonable because the district court specifically stated that it had considered the § 3553(a) factors, thoroughly explained its reasoning for sentencing Cervera within the guideline range, considered Cervera's arguments for a below-guideline sentence, and addressed several of the § 3553(a) sentencing factors. We also conclude that Cervera fails to meet his burden of showing that his 48-month sentence, which is near the low end of the advisory guideline range, is substantively unreasonable. Accordingly, we affirm Cervera's sentence.

**AFFIRMED.**